UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Meecorp Capital Markets, LLC,　　　　　　　　　　　　Civil No. 09-2067 (DWF/RLE)

　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　　MEMORANDUM
　　　　　　　　　　　　　　　　　　　　　　　　　　　　OPINION AND ORDER

PSC of Two Harbors, LLC; Gandolf Group,
LLC, formerly known as Gandolf Development,
LLC, formerly known as Red Cedar Estates;
Timothy J. Oliver; Christopher M. Anderson;
PSC Funding, LLC; Gandolf Holdings, LLC,
formerly known as Gandolf Group, LLC; Red
Cedar Estates, LLC; Black Hawk Village
Development, LLC; Blue Springs Village
Development, LLC; Brandon Heights Village
Development, LLC; Brandon Heights Village
II Development, LLC; Lakewood Village
Development, LLC, formerly known as
Evergreen Heights Development, LLC;
Gilcrease Hills Estate Development, LLC;
Green Street Estates Development, LLC;
Orleans Terrace Development, LLC;
Pine Crest Village Development, LLC;
Red Cedar Estates Development, LLC;
Red Cedar Estates Development II, LLC;
River Falls Ventures, LLC; South Creek
Village Development, LLC; South Glen
Village Development, LLC; Woodglen
Village Development, LLC, formerly known
as Alta Vista Village Development, LLC;
Black Hawk Village, LP; Blue Springs
Village, LP; Brandon Heights Village, LP;
Brandon Heights Village II, LP; Gilcrease Hills
Estates, LP; Lakewood Village, LP, formerly
known as Evergreen Heights, LP; Mercury
Henderson Cottages, LP; Orleans Terrace, LP;
Pine Crest Village, LP; Red Cedar Estates, LP;
Red Cedar Estates II, LP; South Creek Village, LP;
South Glen Village, LP; Woodglen Village, LP;

Neal Fagin; and David Klaristenfeld,

                Defendants,

and

Black Hawk Village Development, LLC; Blue Springs Village Development, LLC; Woodglen Village, LP; River Falls Ventures, LLC; Orleans Terrace, LP; Orleans Terrace Development, LLC; South Creek Village, LP; Red Cedar Estates, LP; Black Hawk Village, LP; Brandon Heights Village II Development, LLC; Gilcrease Hills Estates, LP; Red Cedar Estates Development, LLC; South Glen Village Development, LLC; Gandolf Holdings, LLC, formerly known as Gandolf Group, LLC; Blue Springs Village, LP; Green Street Estates Development, LLC; Lakewood Village Development, LLC, formerly known as Evergreen Heights Development, LLC; Brandon Heights Village, LP; Pine Crest Village Development, LLC; Pine Crest Village, LP; Woodglen Village Development, LLC, Formerly known as Alta Vista Village Development, LLC; Brandon Heights Village II, LP; Gilcrease Hills Estate Development, LLC; Red Cedar Estates II, LP; Brandon Heights Village Development, LLC; Mercury Henderson Cottages, LP; South Creek Village Development, LLC; Red Cedar Estates Development II, LLC; South Glen Village, LP; Lakewood Village, LP, formerly known as Evergreen Heights, LP; and Gandolf Group, LLC, formerly known as Gandolf Development, LLC, formerly known as Red Cedar Estates, LLC,

                Third-Party Plaintiffs,

v.

Walter Weil; Myron Bari; Howard Meltzer; Ben Tandowski; Dominick Tolli, Marion Weil; BVH Holdings, LLC; Meecorp Defined Benefit Plan; The House of Dave-Profit Sharing Plan; Sharon Edrei; Stanley Liebowitz; Yoram Mizrahi; Neal Fagin; William Weiss; Intermedia Profit

Sharing Plan; David Lenkowski SEP IRA; Alfred Weinberger; Harry Rosner; Feuer Family Partnership; Anika, Inc.; Mark Lasser; DJD Holdings; and David Klaristenfeld,

      Third-Party Defendants,

and

Black Hawk Village Development, LLC; Blue Springs Village Development, LLC; Woodglen Village, LP; River Falls Ventures, LLC; Orleans Terrace, LP; Orleans Terrace Development, LLC; South Creek Village, LP; Black Hawk Village, LP; Red Cedar Estates, LLC; Brandon Heights Village II Development, LLC; Gilcrease Hills Estates, LP; Red Cedar Estates Development, LLC; South Glen Village Development, LLC; Gandolf Holdings, LLC, formerly known as Gandolf Group, LLC; Blue Springs Village, LP; Green Street Estates Development, LLC; Lakewood Village Development, LLC, formerly known as Evergreen Heights Development, LLC; Brandon Heights Village, LP; Pine Crest Village Development, LLC; Pine Crest Village, LP; Woodglen Village Development, LLC, formerly known as Alta Vista Village Development, LLC; Brandon Heights Village II, LP; Gilcrease Hills Estate Development, LLC; Red Cedar Estates II, LP; Brandon Heights Village Development, LLC; Mercury Henderson Cottages, LP; South Creek Village Development, LLC; Red Cedar Estates Development II, LLC; South Glen Village, LP; Lakewood Village, LP, formerly known as Evergreen Heights, LP; and Gandolf Group, LLC, formerly known as Gandolf Development, LLC, formerly known as Red Cedar Estates, LLC,

      Counter-Claimants,

v.

Meecorp Capital Markets, LLC,

      Counter-Defendant.

Daniel N. Rosen, Esq., and Douglas G. Wardlow, Esq., Parker Rosen, LLC.

Richard M. Carlson, Esq., Morris Law Group, PA, and Todd H. Johnson, Esq., Oliver & Johnson, PA.

Tiffany A. Blofield, Esq., Joseph M. Windler, Esq., and Kristopher D. Lee, Esq., Winthrop & Weinstine, PA.

This matter is before the Court on a Motion to Dismiss brought by Third-Party Defendants Ben Tandowski; BVH Holdings, LLC; DJD Holdings; Feuer Family Partnership; and William Weiss (collectively, the "Moving Third Parties").[1] (Doc. No. 29.) For the reasons set forth below, the motion is granted.

## BACKGROUND

Plaintiff Meecorp Capital Markets, LLC ("Meecorp") and the Moving Third Parties entered into a Participation Agreement by which the Moving Third Parties served as participants and Meecorp served as the lender in connection with a $1,320,000 real estate development loan that was made between Meecorp and PSC of Two Harbors, LLC.[2] (Blofield Decl. Ex. A; Am. Compl. ¶ 1.) Meecorp's Amended Complaint (Doc. No. 7) in this matter relates to Meecorp's allegations that Defendants defaulted and failed

---

[1] Meecorp and the non-moving Third Party Defendants support the moving Third Parties' Motion to Dismiss and ask that it be granted. (Doc. No. 57.)

[2] The factual background related to the loan between Meecorp and PSC is fully set forth in this Court's Order dated January 21, 2010. (Doc. No. 23.)

to repay the principal and interest related to this loan.  (Am. Compl. ¶ 1.)  The Amended Complaint also alleges that "Defendants defrauded Meecorp by misrepresenting facts concerning the value, nature, structure, and restrictions upon equity stakes in various limited liability companies pledged by Defendants Timothy J. Oliver, Gandolf Holding, LLC (f/k/a Gandolf Group, LLC), and Gandolf Group, LLC (f/k/a Gandolf Development, LLC), as collateral for Meecorp's Loan to PSC, wrongfully inducing Meecorp to make the loan."  (*Id*. ¶ 2.)  The lending documents at issue in the Amended Complaint were executed by various Defendants (but not the Moving Third Parties) in favor of Meecorp.  (Doc. No. 7 Exs. A-H.)  Notably, the Moving Third Parties are not parties to Meecorp's Amended Complaint.  (Doc. No. 7.)

On January 21, 2010, this Court entered an Order denying certain moving Defendants' Motion to Dismiss.  (Doc. No. 23.)  In that Order, the Court rejected the moving Defendants' allegations that all of Meecorp's claims against the moving Defendants were without merit.  Subsequently, the Defendants filed an Answer to the Amended Complaint and also filed a Third-Party Complaint that included claims of Abuse of Process, Tortious Interference with Contractual Relationships, Tortious Interference with Prospective Economic Advantage, Equitable Estoppel, and Declaratory Judgment against the Moving Third Parties and others.  (Doc. No. 26.)  The Third-Party Complaint is based on the premise that "[i]n total disregard of the applicable prohibition of the transfer of a general partner's interest relating to the [] Defendants, Meecorp and the [Moving Third Parties] commenced this action against the [] Defendants claiming entitlement to enforce the Pledge and thereby obtain a general partner's interest related to

the [] Defendants." (Doc. 26 at 8, ¶ 7.) It is these claims that the Moving Third Parties seek to dismiss.

## DISCUSSION

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise

a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

The Moving Third Parties first assert that the Third-Party Plaintiffs' Third-Party Complaint against them should be dismissed because the Moving Third Parties are not appropriate parties. Specifically, the Moving Third Parties contend that they had no involvement in bringing the instant lawsuit, nor do they have any contractual relationship with the Third-Party Plaintiffs. The Moving Third Parties note that they were not parties to any of the transactions related to the Loan Agreement between Meecorp and PSC, including the Loan Agreement itself, the mortgage, or the various guaranties or pledge agreements. The Moving Third Parties assert that because their only related contractual relationship is their Participation Agreement with Meecorp, the Third-Party Plaintiffs cannot assert claims against them. The Moving Third Parties note that all of the causes of action brought by the Third-Party Plaintiffs are based on Meecorp's filing of the Amended Complaint. Thus, the Moving Third Parties contend that because the Moving Third Parties would have no privity—contractual or otherwise—to bring an action against the Third-Party Plaintiffs, the Third-Party Plaintiffs have no privity—contractual or otherwise—to bring an action against the Moving Third Parties. Further, the Moving Third Parties contend that even if the Moving Third Parties could pursue a lawsuit against the Third-Party Plaintiffs, they have not done so here.

The Moving Third Parties also contend that the Third-Party Complaint is subject to dismissal because it fails to state a claim on which relief can be granted. First, the Moving Third Parties contend that there can be no abuse-of-process claim when the

Court has already denied the Defendants' motion to dismiss.  Second, the Moving Third Parties contend that the *Noerr-Pennington* doctrine protects Plaintiff Meecorp's actions in filing the instant Amended Complaint and that, on this basis, the Third-Party Plaintiffs' tortious interference claims fail.  Finally, the Moving Third Parties assert that the Third-Party Plaintiffs' equitable estoppel claim fails because the Moving Third Parties did not interact with the Third-Party Plaintiffs, and thus there was nothing on which the Third-Party Plaintiffs could have relied.

In response, as a preliminary matter, the Third-Party Plaintiffs note that although the Participation Agreement between Meecorp and the Moving Third Parties identifies Meecorp as the "Lender," it does not identify the "Participant" as the Moving Third Parties.  (Blofield Decl. Ex. A.)  Defendants also note that the Loan Agreement (Am. Compl. Ex. A.) identifies Meecorp as the "Agent" of the "Lender" and identifies the "Lender" to include the Moving Third Parties.  (*Id*. Ex. A., Schedule D.)  The Third-Party Plaintiffs assert that the terms of the Participation Agreement and the PSC loan documents, taken together, indicate that the Moving Third Parties own and ultimately control the loan transaction between Meecorp and PSC.  The Third-Party Plaintiffs assert that as principals to the loan transaction, and because they are claiming a general partner's interest in the Third-Party Plaintiffs, the Moving Third Parties are necessary parties to the lawsuit.  Further, the Third-Party Plaintiffs assert that the Moving Third Parties are liable for the actions, representations, and promises of Meecorp as their agents in the loan transaction.  In support of this, the Third-Party Plaintiffs cite to the elements

of each cause of action, but do not offer any further support for their claims of liability against the Moving Third Parties.

The Court finds no basis in law for the Third-Party Plaintiffs' claims against the Moving Third Parties. This case involves a dispute between Meecorp and the Defendants. The Moving Third Parties did not "commence" any action against the Third-Party Plaintiffs. Meecorp filed the Amended Complaint, and that Amended Complaint forms the basis of the Third-Party Plaintiffs' claims against the Moving Third Parties. As noted by the Eighth Circuit, "[a] participating bank's only relationship is with the lead bank; the participant cannot look to the borrower for satisfaction of the debt." *Leonard, et al. v. Dorsey & Whitney LLP, et al.*, 553 F.3d 609, 627 (8th Cir. 2009) (citing cases). Under this analysis, only Meecorp, but not the participant Moving Third Parties, could sue the borrower. *Id*. And even if they could sue the borrower, the Moving Third Parties did not. As such, the Third-Party Plaintiffs' claims, which stem from the filing of the Amended Complaint, are appropriately dismissed.

Moreover, even if the Moving Third Parties could have or did commence an action against the Third-Party Plaintiffs, the Third-Party Plaintiffs merely offer the elements of the causes of action that they brought against the Moving Third Parties in support of their claims. As noted above, such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

On these bases, the Moving Third Parties' Motion to Dismiss is granted.

**ORDER**

1. The Motion to Dismiss brought by Third-Party Defendants Ben Tandowski; BVH Holdings, LLC; DJD Holdings; Feuer Family Partnership; and William Weiss (Doc. No. [29]) is **GRANTED**.

2. The Third-Party Complaint is **DISMISSED WITH PREJUDICE** as to Third-Party Defendants Ben Tandowski; BVH Holdings, LLC; DJD Holdings; Feuer Family Partnership; and William Weiss.

Dated: July 22, 2010            s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge