UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Meecorp Capital Markets, LLC,                                  Civil No. 09-2067 (DWF/LIB)

      Plaintiff,

v.                                                                                      MEMORANDUM
                                                                                        OPINION AND ORDER

PSC of Two Harbors, LLC; Gandolf Group,
LLC, formerly known as Gandolf Development,
LLC, formerly known as Red Cedar Estates;
Timothy J. Oliver; Christopher M. Anderson;
PSC Funding, LLC; Gandolf Holdings, LLC,
formerly known as Gandolf Group, LLC; Red
Cedar Estates, LLC; Black Hawk Village
Development, LLC; Blue Springs Village
Development, LLC; Brandon Heights Village
Development, LLC; Brandon Heights Village
II Development, LLC; Lakewood Village
Development, LLC, formerly known as
Evergreen Heights Development, LLC;
Gilcrease Hills Estate Development, LLC;
Green Street Estates Development, LLC;
Orleans Terrace Development, LLC;
Pine Crest Village Development, LLC;
Red Cedar Estates Development, LLC;
Red Cedar Estates Development II, LLC;
River Falls Ventures, LLC; South Creek
Village Development, LLC; South Glen
Village Development, LLC; Woodglen
Village Development, LLC, formerly known
as Alta Vista Village Development, LLC;
Black Hawk Village, LP; Blue Springs
Village, LP; Brandon Heights Village, LP;
Brandon Heights Village II, LP; Gilcrease Hills
Estates, LP; Lakewood Village, LP, formerly
known as Evergreen Heights, LP; Mercury
Henderson Cottages, LP; Orleans Terrace, LP;
Pine Crest Village, LP; Red Cedar Estates, LP;
Red Cedar Estates II, LP; South Creek Village, LP;
South Glen Village, LP; Woodglen Village, LP;

Neal Fagin; and David Klaristenfeld,

            Defendants,

and

Black Hawk Village Development, LLC; Blue Springs Village Development, LLC; Woodglen Village, LP; River Falls Ventures, LLC; Orleans Terrace, LP; Orleans Terrace Development, LLC; South Creek Village, LP; Red Cedar Estates, LP; Black Hawk Village, LP; Brandon Heights Village II Development, LLC; Gilcrease Hills Estates, LP; Red Cedar Estates Development, LLC; South Glen Village Development, LLC; Gandolf Holdings, LLC, formerly known as Gandolf Group, LLC; Blue Springs Village, LP; Green Street Estates Development, LLC; Lakewood Village Development, LLC, formerly known as Evergreen Heights Development, LLC; Brandon Heights Village, LP; Pine Crest Village Development, LLC; Pine Crest Village, LP; Woodglen Village Development, LLC, formerly known as Alta Vista Village Development, LLC; Brandon Heights Village II, LP; Gilcrease Hills Estate Development, LLC; Red Cedar Estates II, LP; Brandon Heights Village Development, LLC; Mercury Henderson Cottages, LP; South Creek Village Development, LLC; Red Cedar Estates Development II, LLC; South Glen Village, LP; Lakewood Village, LP, formerly known as Evergreen Heights, LP; and Gandolf Group, LLC, formerly known as Gandolf Development, LLC, formerly known as Red Cedar Estates, LLC,

            Third-Party Plaintiffs,

v.

Walter Weil; Myron Bari; Howard Meltzer; Dominick Tolli; Marion Weil; Meecorp Defined Benefit Plan; The House of Dave-Profit Sharing Plan; Sharon Edrei; Stanley Liebowitz; Yoram Mizrahi; Neal Fagin; Intermedia Profit Sharing Plan; David Lenkowski

SEP IRA; Alfred Weinberger; Harry Rosner; Anika, Inc.; Mark Lasser; and David Klaristenfeld,

        Third-Party Defendants,

and

Black Hawk Village Development, LLC; Blue Springs Village Development, LLC; Woodglen Village, LP; River Falls Ventures, LLC; Orleans Terrace, LP; Orleans Terrace Development, LLC; South Creek Village, LP; Black Hawk Village, LP; Red Cedar Estates, LLC; Brandon Heights Village II Development, LLC; Gilcrease Hills Estates, LP; Red Cedar Estates Development, LLC; South Glen Village Development, LLC; Gandolf Holdings, LLC, formerly known as Gandolf Group, LLC; Blue Springs Village, LP; Green Street Estates Development, LLC; Lakewood Village Development, LLC, formerly known as Evergreen Heights Development, LLC; Brandon Heights Village, LP; Pine Crest Village Development, LLC; Pine Crest Village, LP; Woodglen Village Development, LLC, formerly known as Alta Vista Village Development, LLC; Brandon Heights Village II, LP; Gilcrease Hills Estate Development, LLC; Red Cedar Estates II, LP; Brandon Heights Village Development, LLC; Mercury Henderson Cottages, LP; South Creek Village Development, LLC; Red Cedar Estates Development II, LLC; South Glen Village, LP; Lakewood Village, LP, formerly known as Evergreen Heights, LP; and Gandolf Group, LLC, formerly known as Gandolf Development, LLC, formerly known as Red Cedar Estates, LLC,

        Counter-Claimants,

v.

Meecorp Capital Markets, LLC,

        Counter-Defendant.

Daniel N. Rosen, Esq., and Douglas G. Wardlow, Esq., Parker Rosen, LLC, counsel for Plaintiff.

Jarod M. Bona, Esq., and Alan L. Kildow, Esq., DLA Piper LLP, counsel for Intervenor Plaintiffs.

Richard M. Carlson, Esq., Morris Law Group, PA, and Todd H. Johnson, Esq., Oliver & Johnson, PA.

This matter is before the Court on a Motion for Partial Summary Judgment brought by Plaintiff Meecorp Capital Markets, LLC ("Meecorp"). (Doc. No. 87.) For the reasons set forth below, the Court grants the motion in part and denies it in part.

## BACKGROUND

Meecorp served as the lender in a real estate development loan (the "Loan") between Meecorp and Defendant PSC of Two Harbors, LLC ("PSC").[1] (Am. Compl. ¶ 1.) As part of that transaction, PSC executed and delivered a promissory note to Meecorp in the original principal amount of $1,320,000 (the "Note"). (*Id.* ¶ 43.) No principal has been repaid under the Note, which is now in default. (*Id.* ¶ 69.) In this action, Meecorp seeks to collect on the Note and various related guaranties and recover funds from collateral pledged as security for the Loan.

Defendants Timothy J. Oliver and Christopher M. Anderson each own a 50% interest in PSC. (Am. Compl. ¶¶ 9-10.) As security for the Loan, Meecorp required that

---

[1] The factual background related to the loan between Meecorp and PSC is fully set forth in this Court's Order dated January 21, 2010. (Doc. No. 23.)

4

Oliver and Anderson personally guaranty the Loan by executing a joint guaranty ("Joint Guaranty"). (*Id.* ¶ 47.) Oliver also owns interests in Defendants Gandolf Holdings, LLC, and Gandolf Group, LLC ("Gandolf" or the "Gandolf Defendants"); Defendant PSC Funding, LLC; and in the General Partner Entities.[2] (Am. Compl. ¶¶ 9, 11-39.) Meecorp required that Oliver execute a pledge agreement in favor of Meecorp further securing the Loan (the "Oliver Pledge Agreement"). (*Id.* ¶ 52.) The Oliver Pledge Agreement contains a pledge of Oliver's interests in the Gandolf Defendants, PSC Funding, LLC, and the General Partner Entities. (*Id.* ¶ 53.)

Several General Partner Entities are also owned in part by the Gandolf Defendants. (Am. Compl. ¶¶ 11-39.) Before distributing funds pursuant to the Loan, Meecorp obtained a non-recourse guaranty and a pledge signed by Oliver as Chief Manager of Gandolf Holdings, LLC (the "Gandolf Guaranty" and the "Gandolf Pledge Agreement"). (*Id.* ¶¶ 48, 56.) The parties dispute the intended purpose of these documents. Meecorp argues that the Gandolf Guaranty and Gandolf Pledge Agreement constitute additional security for the Loan. (*Id.* ¶ 57.)

The Defendants argue that the Gandolf Guaranty and Gandolf Pledge Agreement were intended only to assure Meecorp that the Gandolf Defendants were aware of the

---

[2] The General Partner Entities are Defendants Black Hawk Village Development, LLC; Blue Springs Village Development, LLC; Brandon Heights Village Development, LLC; Brandon Heights Village II Development, LLC; Lakewood Village Development, LLC (formerly known as Evergreen Heights Development, LLC); Gilcrease Hills Estates Development, LLC; Green Street Estates Development, LLC; Orleans Terrace Development, LLC; Pine Crest Village Development, LLC; Red Cedar Estates Development, LLC; Red Cedar Estates Development II, LLC; River Falls Ventures, LLC; South Creek Village Development, LLC; South Glen Village Development, LLC; and Woodglen Village Development, LLC.

Oliver Pledge Agreement and would not assert any rights against the interests pledged therein. (Aff. of Timothy J. Oliver ("Oliver Aff.") ¶¶ 8-9.) The preliminary version of the Gandolf Pledge Agreement that Meecorp sent Oliver contained a Schedule identifying Oliver as the owner of the pledged interests. (*Id.* ¶ 14, Ex. 2.) The Gandolf Pledge Agreement that Meecorp relies on in its summary judgment motion contains a Schedule identifying Gandolf as the owner of the pledged interests. (Aff. of Douglas G. Wardlow ¶ 14, Ex. M.) Oliver contends that he never signed the Gandolf Pledge Agreement relied on by Meecorp. (Oliver Aff. ¶ 15.)

In the Amended Complaint, Meecorp asserts six causes of action: breach of the Note; breach of the Joint Guaranty; breach of the Gandolf Guaranty; fraud; claim, delivery and foreclosure of security interests; and appointment of receiver. Meecorp has moved for summary judgment on the Note, the Joint Guaranty, the Oliver Pledge Agreement, the Gandolf Guaranty and Gandolf Pledge Agreement, and for the appointment of a receiver.[3]

## DISCUSSION

### I. Standard of Review

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence and the inferences that may be reasonably drawn from the

---

[3] Meecorp does not seek summary judgment with respect to the following four General Partner Entities: Woodglen Village Development, LLC; Pine Crest Village Development, LLC; Orleans Terrace Development, LLC; and Blue Springs Village Development, LLC.

6

evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

**II.     PSC Note**

Meecorp asserts that it is entitled to judgment as a matter of law against PSC on the Note. Meecorp asserts that it is undisputed that the entire amount of principal remains outstanding and that monthly interest at the default rate of 25% and monthly late fees at a rate of 10% continue to accrue. Meecorp contends that through December 31, 2010, the total principal, interest, and fees due and payable under the Note was $2,281,858.45.

In response, PSC admits the Note exists but argues that Meecorp's allegedly fraudulent conduct relating to the Gandolf Guaranty and Gandolf Pledge Agreement renders the Note between Meecorp and PSC unenforceable. PSC also objects to the manner in which the funds were distributed as well as the interest rate that applies under the Note. PSC asserts that any amount due to Meecorp cannot be calculated until after the damages suffered by each Defendant have been determined.

The Court concludes that Meecorp is entitled to summary judgment against PSC for breach of the Note. PSC's allegations regarding the Gandolf Guaranty and Gandolf Pledge Agreement are not a legal defense to enforcement of the Note between PSC and Meecorp. PSC has also not set forth specific facts showing a dispute regarding PSC's liability for breach of the Note or the damages owing to Meecorp for that breach. While PSC takes issue with the distribution of funds and the interest rate applied under the Note, it does not argue that the terms of the Note itself have been incorrectly applied. The Court accordingly grants summary judgment for Meecorp on its claim against PSC for breach of the Note.

In addition to unpaid principal, fees, and interest, Meecorp asserts that it is entitled to attorney fees and costs incurred in collecting on the Note. PSC does not dispute that the Note provides for the requested relief, but contends that the legal fees requested are unreasonable to the extent fees were incurred in an attempt to enforce fraudulent agreements. The Court concludes that Meecorp is entitled to reasonable attorney fees for legal services rendered in collecting on the Note, but Meecorp has not provided sufficient evidence for the Court to evaluate the reasonableness of the requested fees. The Court

will, therefore, require Meecorp to file an affidavit setting forth its requested attorney fees and costs to which PSC may respond.

## III. Oliver and Anderson Joint Guaranty

Meecorp asserts that it is entitled to judgment as a matter of law against Oliver and Anderson for breach of the Joint Guaranty. Meecorp asserts that the Joint Guaranty is an absolute and unconditional guarantee of payment of all sums due under the Note. Meecorp contends that Oliver and Anderson may each be held liable for 50% of PSC's total indebtedness under the Note, including reasonable attorney fees, in the event PSC defaults.

Oliver and Anderson do not set forth specific facts demonstrating a material dispute as to either their liability under the Joint Guaranty or the amount owing to Meecorp pursuant to the Joint Guaranty. Oliver and Anderson instead argue that the allegedly fraudulent nature of the Gandolf Guaranty and Gandolf Pledge Agreement preclude Meecorp from collecting on the Joint Guaranty. Oliver and Anderson assert that they have been damaged through Meecorp's claims related to the Gandolf Guaranty and Gandolf Pledge Agreement and that summary judgment in favor of Meecorp on the Joint Guaranty should be denied.

The Court concludes that Meecorp is entitled to judgment as a matter of law against Anderson and Oliver on the Joint Guaranty. As with PSC's indebtedness under the Note, assertions regarding the Gandolf Guaranty and Gandolf Pledge Agreement are not a legal defense to enforcement of the Joint Guaranty. Oliver and Anderson's mere allegations that they have been damaged also fail to demonstrate the existence of specific

facts creating a genuine issue for trial. Accordingly, the Court grants summary judgment in favor of Meecorp on its claim that Oliver and Anderson are each personally liable for 50% of PSC's total indebtedness under the Note, including 50% of any attorney fees to be awarded to Meecorp.

## IV. Oliver Pledge Agreement

Meecorp asserts it is entitled to judgment as a matter of law against Oliver for foreclosure and judicial sale of the limited liability company membership interests Oliver pledged to Meecorp in the Oliver Pledge Agreement. In that agreement, Oliver pledged his membership interests in the Gandolf Defendants, PSC Funding, LLC, and the General Partner Entities.

Meecorp argues that it is undisputed that PSC is in default under the Note and Oliver is in default under the Joint Guaranty. Meecorp asserts that these continuing defaults are Events of Default under the Oliver Pledge Agreement and trigger Meecorp's remedies under that document. Meecorp asserts that those remedies include the right to foreclose on the pledged interests and Meecorp is therefore entitled to a judgment of foreclosure for the thirteen Oliver-pledged limited liability company interests at issue in this motion.

The Defendants respond that the Oliver Pledge Agreement fails to convey any rights to Meecorp. The Defendants first assert that the pledge of Oliver's membership interests in the Gandolf Defendants and PSC Funding, LLC, is void as a matter of law because Meecorp failed to obtain the unanimous consent of all members of each limited

liability company.[4] In support, the Defendants rely on Minn. Stat. § 322B.313. Subdivision 7 of that section provides:

> Subject to subdivision 6, a member may grant a security interest in a complete membership interest or governance rights without obtaining the consent required by subdivision 2. However, a secured party may not take or assign ownership of governance rights without first obtaining the consent required by subdivision 2. If a secured party has a security interest in both member's financial rights and governance rights, including a security interest in a complete membership interest, this subdivision's requirement that the secured party obtain the consents required by subdivision 2 applies only to taking or assigning ownership of the governance rights and does not apply to taking or assigning ownership of the financial rights. Notwithstanding any provision of law, articles of organization, member control agreement, bylaws, other agreement, resolution, or action to the contrary, a security interest in a member's full membership interest or governance rights may be foreclosed and otherwise enforced, and a secured party may assign a member's complete membership interest or governance rights in accordance with chapter 336, all without the consent or approval of the member whose full membership interest or governance rights are the subject of the security interest.

Minn. Stat. § 322B.313, subd. 7.

Oliver's membership interests in the Gandolf Defendants and PSC Funding, LLC, consist of both financial rights and governance rights. Although subdivision 7 appears to allow Oliver to grant a security interest in his complete membership interest without first obtaining unanimous consent and appears to allow Meecorp to take and assign ownership of Oliver's financial rights notwithstanding that lack of consent, the Gandolf Defendants assert that subdivision 7 is not controlling.

---

[4] Oliver also asserts that the Oliver Pledge Agreement is void as a result of the alleged fraud involving the Gandolf Guaranty and Gandolf Pledge Agreement. As with the PSC Note and the Oliver and Anderson Joint Guaranty, these allegations do not constitute a legal defense to enforcement of the Oliver Pledge Agreement.

The Gandolf Defendants argue that subdivision 7 is subject to subdivision 6, which permits restrictions on the transfer of governance rights to be imposed in a member control agreement. The Gandolf Defendants then assert that the relevant member control agreements require unanimous consent for the assignment of governance rights and that this unanimous consent requirement also applies to the grant of a security interest. The Gandolf Defendants argue that the entire security interest is therefore void, including the security interest in Oliver's financial interests in the pledged companies.

The Defendants assert that the Oliver Pledge Agreement is also void as to the pledge of Oliver's membership interests in the General Partner Entities. Oliver owns governance rights only in the General Partner Entities. The Defendants argue that the individual member control agreement for each of the General Partner Entities provides for application of the state law of the state in which the individual entity is located, that the respective state laws regarding transfer of a membership interest provide that transfer is limited as stated in an applicable member control agreement or state statute, and that the respective member control agreements and state statutes require unanimous written consent for the transfer of a member's governance rights.

Meecorp does not dispute that the member control agreements and state statutes required unanimous written consent to Oliver's pledging of his interests in the limited liability companies. Meecorp instead asserts that the undisputed facts show that it obtained the required consent for certain General Partner Entities. Meecorp asserts that for seven General Partner Entities, combining the Gandolf Pledge Agreement and the

Oliver Pledge Agreement results in the pledging of 100% of the membership interests.[5] Meecorp also asserts that it obtained written resolutions consenting to Oliver's pledge from the boards of governors of seven General Partner Entities.[6] Meecorp therefore asserts that it has obtained either pledges totaling 100% of the membership interests or 100% consent for eight of the ten General Partner Entities at issue here.

The Court concludes that Meecorp has not met its burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law with respect to the Oliver Pledge Agreement. Meecorp has not addressed the Defendants' argument that the member control agreements for the Gandolf Defendants and PSC Funding, LLC, preclude Oliver from granting a valid security interest in his membership interests without first obtaining the unanimous consent of the other members. In addition, as will be discussed in greater detail below, genuine issues of material fact exist regarding the formation of the Gandolf Pledge Agreement. Meecorp

---

[5] Meecorp contends that through the Oliver Pledge Agreement and the Gandolf Pledge Agreement it has obtained pledges of 100% of the membership interests of the following General Partner Entities: Black Hawk Village Development, LLC; Brandon Heights Village Development, LLC; Green Streets Estates Development, LLC; Gilcrease Hills Estates Development, LLC; Lakewood Village Development, LLC (f/k/a Evergreen Heights Development, LLC); South Creek Village Development, LLC; and South Glen Village Development, LLC.

[6] Meecorp asserts that it obtained written consent for Oliver's pledging of his personal membership interest from the board of governors of the following General Partner Entities: Black Hawk Village Development, LLC; Brandon Heights Village Development, LLC; Brandon Heights Village II Development, LLC; Lakewood Village Development, LLC (f/k/a Evergreen Heights Development, LLC); Gilcrease Hills Estates Development, LLC; South Creek Village Development, LLC; and South Glen Village Development, LLC.

therefore may not rely on that agreement at the summary judgment stage to argue that 100% of the membership interests of any limited liability company have been pledged.

The written resolutions from the boards of governors of the General Partner Entities also do not support awarding summary judgment. The various member control agreements at issue require written consent from the individual members, not the limited liability company itself. The Court therefore denies Meecorp's request for summary judgment against Oliver on the Oliver Pledge Agreement.

### V.     Gandolf Guaranty and Gandolf Pledge Agreement

Meecorp asserts that it is entitled to summary judgment against the Gandolf Defendants on the Gandolf Guaranty and the Gandolf Pledge Agreement. Meecorp contends that these documents were signed by Oliver as Chief Manager of Gandolf Holdings, LLC. Meecorp asserts that Gandolf therefore executed a valid, binding, separate Pledge Agreement and Non-Recourse Guaranty in favor of Meecorp.

The Defendants respond that Oliver never intended to pledge any interests that belonged to Gandolf. The Defendants assert that Meecorp never requested a pledge of Gandolf's interest in the General Partner Entities as a part of the loan transaction involving PSC and Meecorp.

Oliver asserts that Meecorp requested assurances that Gandolf was aware of the Oliver Pledge Agreement. Oliver argues that the documents he signed as Chief Manager of Gandolf Holdings, LLC, were intended to memorialize this assurance. Oliver asserts that because the Gandolf Guaranty was a non-recourse guaranty and the Gandolf Pledge Agreement only involved Oliver's personal interests in the various limited liability

companies, there was to be no independent liability for Gandolf Holdings, LLC.  Oliver also asserts that the only version of the Schedule identifying the interests pledged in the Gandolf Pledge Agreement that was ever provided to him referenced Oliver's personal interests.  Oliver contends therefore that he never executed any document that pledged any of Gandolf's interests and the Gandolf Pledge Agreement and Gandolf Guaranty that Meecorp is attempting to enforce do not exist.

The Gandolf Defendants assert that Oliver's agreement with Meecorp never involved a pledge of Gandolf's interests in the pledged companies.  The Gandolf Defendants contend that Oliver was led to believe by Meecorp that the documents Oliver signed were to confirm Oliver's ability to pledge Oliver's interests and not to introduce additional collateral into the transaction.  The Gandolf Defendants assert that there was never a meeting of the minds between Oliver and Meecorp regarding the Gandolf Guaranty and Gandolf Pledge Agreement and those documents are therefore void as a matter of law.

Viewing the evidence in the light most favorable to the Defendants, the Court concludes that genuine issues of material fact preclude the entry of summary judgment.  The Court finds that genuine factual disputes exist at least with respect to whether Meecorp, as a part of the loan transaction with PSC, requested that Gandolf Holdings guarantee the loan and pledge its interests in the General Partner Entities and whether Oliver intended, when he signed the Gandolf Guaranty and Gandolf Pledge, to pledge Gandolf's interests in the General Partner Entities in addition to his own.  Accordingly, the Court denies Meecorp's motion on this claim.

**VI.** **Appointment of Receiver**

Meecorp asserts that it is entitled to the appointment of a receiver to take control of Oliver's and Gandolf's pledged interests in the thirteen pledged companies at issue in this motion. Appointment of a receiver in a diversity action is a procedural matter governed by federal law and federal equitable principles. *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316 (8th Cir. 1993). Although no precise formula exists for determining when to appoint a receiver, the following factors typically warrant an appointment:

> a valid claim by the party seeking the appointment; the probability that fraudulent conduct has occurred or will occur to frustrate that claim; imminent danger that property will be concealed, lost, or diminished in value; inadequacy of legal remedies; lack of a less drastic equitable remedy; and likelihood that appointing the receiver will do more good than harm.

*Id.* at 316-17. "A receiver is an extraordinary equitable remedy that is only justified in extreme situations." *Id.* at 316.

Meecorp contends that, as a secured creditor entitled to foreclosure of its security interests, it has the requisite basis to seek appointment of a receiver pending final disposition of its property. Meecorp asserts that the complex relationships between the various Defendants provide a shield for fraudulent activity and present an imminent danger that property may be fraudulently concealed, lost, or diminished in value. Meecorp argues that through discovery it has learned of three membership interest transfers involving Oliver and the Gandolf Defendants that demonstrate the existence of

16

an imminent danger that Meecorp's capital may be concealed, lost, or diminished in value.[7]

The Defendants respond that Meecorp has no interests for a receiver to protect because the pledge agreements are void or unenforceable. Oliver asserts in addition that no evidence exists that any underlying asset is not being properly managed. The Gandolf Defendants assert that any rights Meecorp may have are too limited to entitle Meecorp to the appointment of a receiver. The Gandolf Defendants also assert that the three membership interest transfers that Meecorp references enhanced the value of the transferring entities' interests and that the transferring entities hold 95% of the financial rights of the entity to which the interests were assigned.

The Court concludes that Meecorp is not entitled to the appointment of a receiver at this time. The Court finds that the present circumstances are not the type of extreme situation that justifies the extraordinary equitable remedy of appointing a receiver. Meecorp's concern that the property at issue will be concealed, lost, or diminished in value is not unwarranted, however. Consequently, the Court will order that Oliver and Gandolf may not sell, transfer, pledge, encumber, give, or in any other manner diminish any of the interests identified in the Oliver Pledge Agreement or the Gandolf Pledge

---

[7]   Effective January 1, 2009, Defendant River Falls Ventures, LLC, assigned its 99.99% membership interest in Defendant Red Cedar Estates Development, LLC, and its 99.99% membership interest in Defendant Red Cedar Estates Development II, LLC, to Community Visions Corporation. Effective January 1, 2010, Oliver and Gandolf Holdings, LLC, assigned their membership interests, which total 100%, in Defendant Lakewood Village Development, LLC, to Community Visions Corporation.

Agreement without prior notice to the Court. This prohibition shall remain in place pending further Order from this Court.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. Meecorp's Motion for Partial Summary Judgment (Doc. No. [86]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Meecorp's Motion for Summary Judgment as to its claim against Defendant PSC on the Note is **GRANTED**.

    b. Meecorp's Motion for Summary Judgment as to its claim against Defendants Oliver and Anderson on the Joint Guaranty is **GRANTED**.

    c. Meecorp's Motion for Summary Judgment as to its claim against Defendant Oliver on the Oliver Pledge Agreement is **DENIED**.

    d. Meecorp's Motion for Summary Judgment as to its claim against the Gandolf Defendants on the Gandolf Guaranty and Gandolf Pledge Agreement is **DENIED**.

    e. Meecorp's Motion for Summary Judgment as to its claim for appointment of a receiver is **DENIED**.

2. Meecorp is entitled to judgment against PSC in the amount of $2,366,191.88 which represents principal, fees, and interest owing as of the date of this Order.

3.   Meecorp is entitled to judgment against Anderson in the amount of $1,183,095.94, which represents 50% of the indebtedness of PSC under the Note as of the date of this Order.

4.   Meecorp is entitled to judgment against Oliver in the amount of $1,183,095.94, which represents 50% of the indebtedness of PSC under the Note as of the date of this Order.

5.   Meecorp shall file an affidavit regarding attorney fees and costs within seven (7) days after entry of this Order. Defendants PSC, Oliver, and Anderson may file a response within seven (7) days of the filing of Meecorp's affidavit.

6.   Pending further Order from this Court, Oliver and the Gandolf Defendants may not sell, transfer, pledge, encumber, give, or in any other manner diminish any of the interests identified in the Oliver Pledge Agreement or the Gandolf Pledge Agreement without prior notice to the Court.

Dated:  March 24, 2011             s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge