UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Meecorp Capital Markets, LLC,   Civil No. 09-2067 (DWF/LIB)

      Plaintiff,

v.   MEMORANDUM
OPINION AND ORDER

PSC of Two Harbors, LLC; Gandolf Group,
LLC, formerly known as Gandolf Development,
LLC, formerly known as Red Cedar Estates;
Timothy J. Oliver; Christopher M. Anderson;
PSC Funding, LLC; Gandolf Holdings, LLC,
formerly known as Gandolf Group, LLC; Red
Cedar Estates, LLC; Black Hawk Village
Development, LLC; Blue Springs Village
Development, LLC; Brandon Heights Village
Development, LLC; Brandon Heights Village
II Development, LLC; Lakewood Village
Development, LLC, formerly known as
Evergreen Heights Development, LLC;
Gilcrease Hills Estate Development, LLC;
Green Street Estates Development, LLC;
Orleans Terrace Development, LLC;
Pine Crest Village Development, LLC;
Red Cedar Estates Development, LLC;
Red Cedar Estates Development II, LLC;
River Falls Ventures, LLC; South Creek
Village Development, LLC; South Glen
Village Development, LLC; Woodglen
Village Development, LLC, formerly known
as Alta Vista Village Development, LLC;
Black Hawk Village, LP; Blue Springs
Village, LP; Brandon Heights Village, LP;
Brandon Heights Village II, LP; Gilcrease Hills
Estates, LP; Lakewood Village, LP, formerly
known as Evergreen Heights, LP; Mercury
Henderson Cottages, LP; Orleans Terrace, LP;
Pine Crest Village, LP; Red Cedar Estates, LP;
Red Cedar Estates II, LP; South Creek Village, LP;
South Glen Village, LP; Woodglen Village, LP;

Neal Fagin; and David Klaristenfeld,

        Defendants,

and

Black Hawk Village Development, LLC; Blue Springs Village Development, LLC; Woodglen Village, LP; River Falls Ventures, LLC; Orleans Terrace, LP; Orleans Terrace Development, LLC; South Creek Village, LP; Red Cedar Estates, LP; Black Hawk Village, LP; Brandon Heights Village II Development, LLC; Gilcrease Hills Estates, LP; Red Cedar Estates Development, LLC; South Glen Village Development, LLC; Gandolf Holdings, LLC, formerly known as Gandolf Group, LLC; Blue Springs Village, LP; Green Street Estates Development, LLC; Lakewood Village Development, LLC, formerly known as Evergreen Heights Development, LLC; Brandon Heights Village, LP; Pine Crest Village Development, LLC; Pine Crest Village, LP; Woodglen Village Development, LLC, formerly known as Alta Vista Village Development, LLC; Brandon Heights Village II, LP; Gilcrease Hills Estate Development, LLC; Red Cedar Estates II, LP; Brandon Heights Village Development, LLC; Mercury Henderson Cottages, LP; South Creek Village Development, LLC; Red Cedar Estates Development II, LLC; South Glen Village, LP; Lakewood Village, LP, formerly known as Evergreen Heights, LP; and Gandolf Group, LLC, formerly known as Gandolf Development, LLC, formerly known as Red Cedar Estates, LLC,

        Third-Party Plaintiffs,

v.

Walter Weil; Myron Bari; Howard Meltzer; Dominick Tolli; Marion Weil; Meecorp Defined Benefit Plan; The House of Dave-Profit Sharing Plan; Sharon Edrei; Stanley Liebowitz; Yoram Mizrahi; Neal Fagin; Intermedia Profit Sharing Plan; David Lenkowski

SEP IRA; Alfred Weinberger; Harry Rosner; Anika, Inc.; Mark Lasser; and David Klaristenfeld,

    Third-Party Defendants,

and

Black Hawk Village Development, LLC; Blue Springs Village Development, LLC; Woodglen Village, LP; River Falls Ventures, LLC; Orleans Terrace, LP; Orleans Terrace Development, LLC; South Creek Village, LP; Black Hawk Village, LP; Red Cedar Estates, LLC; Brandon Heights Village II Development, LLC; Gilcrease Hills Estates, LP; Red Cedar Estates Development, LLC; South Glen Village Development, LLC; Gandolf Holdings, LLC, formerly known as Gandolf Group, LLC; Blue Springs Village, LP; Green Street Estates Development, LLC; Lakewood Village Development, LLC, formerly known as Evergreen Heights Development, LLC; Brandon Heights Village, LP; Pine Crest Village Development, LLC; Pine Crest Village, LP; Woodglen Village Development, LLC, formerly known as Alta Vista Village Development, LLC; Brandon Heights Village II, LP; Gilcrease Hills Estate Development, LLC; Red Cedar Estates II, LP; Brandon Heights Village Development, LLC; Mercury Henderson Cottages, LP; South Creek Village Development, LLC; Red Cedar Estates Development II, LLC; South Glen Village, LP; Lakewood Village, LP, formerly known as Evergreen Heights, LP; and Gandolf Group, LLC, formerly known as Gandolf Development, LLC, formerly known as Red Cedar Estates, LLC,

    Counter-Claimants,

v.

Meecorp Capital Markets, LLC,

    Counter-Defendant.

Daniel N. Rosen, Esq., and Douglas G. Wardlow, Esq., Parker Rosen, LLC, counsel for Plaintiff.

Jarod M. Bona, Esq., and Alan L. Kildow, Esq., DLA Piper LLP, counsel for Intervenor Plaintiffs.

Richard M. Carlson, Esq., Morris Law Group, PA, and Todd H. Johnson, Esq., Oliver & Johnson, PA.

## INTRODUCTION

This matter is before the Court on a request for attorney fees and costs brought by Plaintiff Meecorp Capital Markets, LLC ("Meecorp"). (Doc. No. 112.) The Court previously granted summary judgment in favor of Meecorp on its claim against Defendant PSC of Two Harbors, LLC ("PSC") for breach of a promissory note that PSC executed and delivered to Meecorp in the original principal amount of $1,320,000 (the "Note"). (Doc. No. 108.) The Court also granted summary judgment in favor of Meecorp on its claims against Defendants Timothy J. Oliver and Christopher M. Anderson for breach of a Joint Guaranty related to the Note (the "Joint Guaranty"). (*Id.*) The Note and the Joint Guaranty each authorize reimbursement to Meecorp for its reasonable attorney fees and costs incurred in collecting on the underlying debt.

In its Order granting in part and denying in part Meecorp's motion for summary judgment, the Court reserved ruling on Meecorp's request for attorney fees pending further submissions by the parties. Here, Meecorp seeks attorney fees in the amount of $175,999.37 and costs in the amount of $10,437.33. PSC, Oliver, and Anderson (the

"PSC Defendants") oppose the request. For the reasons set forth below, the Court grants the request in part and denies it in part.

## BACKGROUND AND DISCUSSION

This matter has an unusually complicated procedural history. The initial Complaint, filed on August 6, 2009, named four defendants: PSC, Oliver, Anderson, and Gandolf Group, LLC ("Gandolf"). (Doc. No. 1.) It asserted three counts: breach of the Note by PSC, breach of the Joint Guaranties by Oliver and Anderson, and breach of a second guaranty by Gandolf. Meecorp filed an Amended Complaint on September 11, 2009 and added claims for fraud; claim, delivery, and foreclosure of security interests; and appointment of a receiver. (Doc. No. 7.) The Amended Complaint also added thirty-two (32) defendants. The newly-added defendants answered and included a third-party complaint that added an additional twenty-two (22) parties as third-party defendants on February 16, 2010. (Doc. No. 26.) On October 19, 2010, four more parties moved to intervene. (Doc. No. 68.) These four parties were allowed to intervene and filed a counterclaim against Meecorp on November 11, 2010. (Doc. No. 80.) Some of these parties have resolved their disputes with Meecorp and others have successfully moved for dismissal, yet even after summary judgment, several claims and defenses and more than thirty parties remain in this action.

Meecorp moved for summary judgment on all but its fraud claim. The Court granted Meecorp's motion as to the Note and the Joint Guaranty but denied the motion as to the remaining claims. Because the Note and Joint Guaranty contain provisions for the award of attorney fees and costs, the Court directed Meecorp to submit an affidavit

5

supporting its fee request. The Court's Order also set forth the time in which any response from the PSC Defendants must be received.

Meecorp submitted an affidavit seeking reimbursement for all of its attorney fees and costs incurred in this matter through the summary judgment hearing. The affidavit is accompanied by ninety-nine (99) pages of invoices. In its submission, Meecorp did not differentiate between attorney fees and costs related to its claims for breach of the Note and the Joint Guaranty, for which summary judgment was granted, and the additional claims which remain in the case. Meecorp seeks fees and costs totaling $186,436.70.

The PSC Defendants respond that the vast majority of the requested fees and costs are associated with Meecorp's litigation against Gandolf and the other third-party plaintiffs. The PSC Defendants assert that reasonable attorney fees and costs for a collection action seeking to enforce the Note and Joint Guaranty should not exceed $12,000 plus the costs for depositions of Anderson and Oliver. After reviewing the parties' submissions, the Court directed Meecorp to reply to the PSC Defendants' position. In reply, Meecorp maintains that it is entitled to an award against the PSC Defendants for all of Meecorp's attorney fees and costs incurred in this matter through the summary judgment hearing. The Court disagrees.

In calculating reasonable attorney fees, the Court begins by calculating the "lodestar"—the product of the number of hours reasonably expended on the litigation and the reasonable hourly rate at which those hours should be billed. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The reasonableness of a fee depends upon a number of factors, including "the plaintiff's overall success; the necessity and usefulness of the

plaintiff's activity in the particular matter for which fees are requested; and the efficiency with which the plaintiff's attorneys conducted that activity." *Jenkins v. Missouri*, 127 F.3d 709, 718 (8th Cir. 1997).

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley,* 461 U.S. at 437. Where only partial or limited success has been obtained, "the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Id.* at 436. Under such circumstances, "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.* at 436-37.

Here, Meecorp obtained limited success in its motion for summary judgment yet seeks an award of its attorney fees and costs for the entire litigation up to that point. The PSC Defendants specifically challenged Meecorp's failure to differentiate between the claims on which Meecorp prevailed and the claims that remain to be decided at trial. The Court requested that Meecorp provide a response to the PSC Defendants, and Meecorp continued to seek its entire fee amount.

The Court concludes that Meecorp's request seeks an excessive amount. At this stage of the proceedings, Meecorp is not entitled to its attorney fees and costs incurred for claims on which it has not prevailed. The Court has reviewed Meecorp's ninety-nine (99) page billing record submission. Meecorp has failed to differentiate between hours expended on the breach of contract claims against the three defendants on which Meecorp has prevailed and the remaining unresolved claims. The Court therefore

7

reduces the attorney fees requested by eighty percent (80%). Meecorp also fails to differentiate in its requested costs between the various claims. The Court therefore reduces the award of costs to $1,441 for the costs identified in Meecorp's December 30, 2010 billing statement for the depositions of Defendant Oliver and Defendant Anderson.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. Meecorp's request for attorney fees and costs is **GRANTED IN PART** and **DENIED IN PART** as follows: Meecorp shall recover attorney fees in the amount of $35,199.87 and costs in the amount of $1,441.


Dated:  June 2, 2011              s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge