UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Meecorp Capital Markets, LLC,                          Civil No. 09-2067 (DWF/LIB)

          Plaintiff,

v.
                                                                       **ORDER**

PSC of Two Harbors, LLC; Gandolf Group,
LLC, formerly known as Gandolf Development,
LLC, formerly known as Red Cedar Estates;
Timothy J. Oliver; Christopher M. Anderson;
PSC Funding, LLC; Gandolf Holdings, LLC,
formerly known as Gandolf Group, LLC; Red
Cedar Estates, LLC; Black Hawk Village
Development, LLC; Blue Springs Village
Development, LLC; Brandon Heights Village
Development, LLC; Brandon Heights Village
II Development, LLC; Lakewood Village
Development, LLC, formerly known as
Evergreen Heights Development, LLC;
Gilcrease Hills Estate Development, LLC;
Green Street Estates Development, LLC;
Orleans Terrace Development, LLC;
Pine Crest Village Development, LLC;
Red Cedar Estates Development, LLC;
Red Cedar Estates Development II, LLC;
River Falls Ventures, LLC; South Creek
Village Development, LLC; South Glen
Village Development, LLC; Woodglen
Village Development, LLC, formerly known
as Alta Vista Village Development, LLC;
Black Hawk Village, LP; Blue Springs
Village, LP; Brandon Heights Village, LP;
Brandon Heights Village II, LP; Gilcrease Hills
Estates, LP; Lakewood Village, LP, formerly
known as Evergreen Heights, LP; Mercury
Henderson Cottages, LP; Orleans Terrace, LP;
Pine Crest Village, LP; Red Cedar Estates, LP;
Red Cedar Estates II, LP; South Creek Village, LP;
South Glen Village, LP; Woodglen Village, LP;

Neal Fagin; and David Klaristenfeld,

      Defendants,

and

Black Hawk Village Development, LLC; Blue Springs
Village Development, LLC; Woodglen Village, LP;
River Falls Ventures, LLC; Orleans Terrace, LP;
Orleans Terrace Development, LLC; South Creek
Village, LP; Red Cedar Estates, LP; Black Hawk
Village, LP; Brandon Heights Village II
Development, LLC; Gilcrease Hills Estates, LP;
Red Cedar Estates Development, LLC; South
Glen Village Development, LLC; Gandolf
Holdings, LLC, formerly known as Gandolf
Group, LLC; Blue Springs Village, LP; Green
Street Estates Development, LLC; Lakewood Village
Development, LLC, formerly known as Evergreen
Heights Development, LLC; Brandon Heights Village,
LP; Pine Crest Village Development, LLC; Pine Crest
Village, LP; Woodglen Village Development, LLC,
formerly known as Alta Vista Village Development,
LLC; Brandon Heights Village II, LP; Gilcrease Hills
Estate Development, LLC; Red Cedar Estates II, LP;
Brandon Heights Village Development, LLC;
Mercury Henderson Cottages, LP; South Creek
Village Development, LLC; Red Cedar Estates
Development II, LLC; South Glen Village, LP;
Lakewood Village, LP, formerly known as
Evergreen Heights, LP; and Gandolf Group, LLC,
formerly known as Gandolf Development, LLC,
formerly known as Red Cedar Estates, LLC,

      Third-Party Plaintiffs,

v.

Walter Weil; Myron Bari; Howard Meltzer; Dominick
Tolli; Marion Weil; Meecorp Defined Benefit Plan;
The House of Dave-Profit Sharing Plan; Sharon
Edrei; Stanley Liebowitz; Yoram Mizrahi; Neal Fagin;
Intermedia Profit Sharing Plan; David Lenkowski

2

SEP IRA; Alfred Weinberger; Harry Rosner; Anika, Inc.; Mark Lasser; and David Klaristenfeld,

    Third-Party Defendants,

and

Black Hawk Village Development, LLC; Blue Springs Village Development, LLC; Woodglen Village, LP; River Falls Ventures, LLC; Orleans Terrace, LP; Orleans Terrace Development, LLC; South Creek Village, LP; Black Hawk Village, LP; Red Cedar Estates, LLC; Brandon Heights Village II Development, LLC; Gilcrease Hills Estates, LP; Red Cedar Estates Development, LLC; South Glen Village Development, LLC; Gandolf Holdings, LLC, formerly known as Gandolf Group, LLC; Blue Springs Village, LP; Green Street Estates Development, LLC; Lakewood Village Development, LLC, formerly known as Evergreen Heights Development, LLC; Brandon Heights Village, LP; Pine Crest Village Development, LLC; Pine Crest Village, LP; Woodglen Village Development, LLC, formerly known as Alta Vista Village Development, LLC; Brandon Heights Village II, LP; Gilcrease Hills Estate Development, LLC; Red Cedar Estates II, LP; Brandon Heights Village Development, LLC; Mercury Henderson Cottages, LP; South Creek Village Development, LLC; Red Cedar Estates Development II, LLC; South Glen Village, LP; Lakewood Village, LP, formerly known as Evergreen Heights, LP; and Gandolf Group, LLC, formerly known as Gandolf Development, LLC, formerly known as Red Cedar Estates, LLC,

    Counter-Claimants,

v.

Meecorp Capital Markets, LLC,

    Counter-Defendant.

Daniel N. Rosen, Esq., and Douglas G. Wardlow, Esq., Parker Rosen, LLC.

Jarod M. Bona, Esq., and Alan L. Kildow, Esq., DLA Piper LLP.

Richard M. Carlson, Esq., Morris Law Group, PA.

Steven Theesfeld, Esq., Yost & Baill, LLP.

Todd H. Johnson, Esq., Oliver & Johnson, PA.

Timothy Oliver, *Pro Se*.

Christopher M. Anderson, *Pro Se*.

This matter is before the Court on the oral motions brought by Plaintiff Meecorp Capital Markets, LLC ("Meecorp") at trial.

## I.   Claims Against Third-Party Defendants

At the close of trial on September 14, 2011, counsel for Meecorp orally moved to dismiss the Third-Party Plaintiffs'[1] claims against the Third-Party Defendants.[2] The Court construes Meecorp's oral motion to dismiss as a motion for judgment as a matter of

---

[1]   The Third-Party Plaintiffs are all named Defendants in this case.

[2]   The remaining Third-Party Defendants in this case are: Alfred Weinberger, David Lenkowsky SEP IRA, David Klaristenfeld, Dominick Tolli, Harry Rosner, Intermedia Profit Sharing Plan, Mark Lasser, Myron Bari, Neal Fagin, Stanley Liebowitz, Walter Weil, Marion Weil, Yoram Mizrahi, Anika, Inc., Sharon Edrei, The House of Dave – Profit Sharing Plan, Howard Meltzer, and Meecorp Defined Benefit Plan. The claims against Third-Party Defendants Ben Tandowski, BVH Holdings, LLC, DJD Holdings, Feuer Family Partnership, and William Weiss were previously dismissed with prejudice by Order of this Court, dated July 22, 2010. (Doc. No. 63.)

law on the claims against the Third-Party Defendants asserted in the Third-Party Complaint (Doc. No. 26).

Judgment as a matter of law is warranted when no legally sufficient evidentiary basis exists for a reasonable fact-finder to find in favor of the non-moving party. *See* Fed. R. Civ. Pro. 50(a)(1); *Dhyne v. Meiners Thriftway, Inc.,* 184 F.3d 983, 988 (8th Cir. 1999). The court must view the evidence in the light most favorable to the non-moving party while giving that party the benefit of all reasonable inferences. *Dominium Mgmt. Servs., Inc. v. Nationwide Housing Grp.*, 195 F.3d 358, 363 (8th Cir. 1999).

The Third-Party Complaint includes the following claims against the Third-Party Defendants: 1) Abuse of Process; 2) Tortious Interference with Contractual Relationships; 3) Tortious Interference with Prospective Economic Advantage; 4) Equitable Estoppel; and 5) Declaratory Judgment. (Doc. No. 26.) The Court concludes that no reasonable fact-finder could find in favor of the Third-Party Plaintiffs with respect to their third-party claims.

At trial, all Third-Party Plaintiffs rested their cases without presenting any evidence in support of their claims against the Third-Party Defendants. The conduct of the Third-Party Defendants was never raised during the course of the trial, and the names of the Third-Party Defendants were never so much as mentioned by counsel. The Court concludes that the Third-Party Plaintiffs have presented no evidence in support of their claims against the Third-Party Defendants, and the record, as it stands, cannot support any claim against the Third-Party Defendants. Viewing the evidence in the light most favorable to the Third-Party Plaintiffs and giving the Third-Party Plaintiffs the benefit of

all reasonable inferences, a reasonable fact-finder could not find that the Third-Party Plaintiffs have proven any of their third-party claims.  Therefore, all claims against the Third-Party Defendants must be dismissed as a matter of law.

**II.     Claims Against Red Cedar Entities**

Additionally, on September 12, 2011, prior to the commencement of trial proceedings, counsel for Meecorp stated on the record that Meecorp did not intend to pursue its claims against Red Cedar Estates Development, LLC, Red Cedar Estates Development II, LLC, Red Cedar Estates, LP, and Red Cedar Estates II, LP (collectively, "Red Cedar Entities") and orally moved for the dismissal of its claims against the Red Cedar Entities with prejudice.  Defendants raised no objection.  The Court thus dismisses Plaintiff's claims against the Red Cedar Entities.

**ORDER**

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.     Meecorp's motion for judgment as a matter of law with respect to the claims asserted against the Third-Party Defendants is **GRANTED**.  All claims against Alfred Weinberger, David Lenkowsky SEP IRA, David Klaristenfeld, Dominick Tolli, Harry Rosner, Intermedia Profit Sharing Plan, Mark Lasser, Myron Bari, Neal Fagin, Stanley Liebowitz, Walter Weil, Marion Weil, Yoram Mizrahi, Anika, Inc., Sharon Edrei, The House of Dave – Profit Sharing Plan, Howard Meltzer, and Meecorp Defined Benefit Plan are **DISMISSED WITH PREJUDICE**.

2.     Meecorp's claims against Red Cedar Estates Development, LLC,

Red Cedar Estates Development II, LLC, Red Cedar Estates, LP, and Red Cedar Estates II, LP are **DISMISSED WITH PREJUDICE**.

Dated:  September 15, 2011            s/Donovan W. Frank
                                      DONOVAN W. FRANK
                                      United States District Judge