## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Meecorp Capital Markets, LLC, | Civil No. 09-2067 (DWF/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| PSC of Two Harbors, LLC; Gandolf Group LLC (f/k/a Gandolf Development, LLC, f/k/a Red Cedar Estates, LLC); Timothy J. Oliver; Christopher M. Anderson; PSC Funding, LLC; Gandolf Holdings, LLC (f/k/a Gandolf Group, LLC); Black Hawk Village Development, LLC; Blue Springs Village Development, LLC; Brandon Heights Village Development, LLC; Brandon Heights Village II Development, LLC; Lakewood Village Development, LLC (f/k/a Evergreen Heights Development, LLC); Gilcrease Hills Estates Development, LLC; Green Street Estates Development, LLC; Orleans Terrace Development, LLC; Pine Crest Village Development, LLC; River Falls Ventures, LLC; South Creek Village Development, LLC; South Glen Village Development, LLC; Woodglen Village Development, LLC (f/k/a Alta Vista Village Development, LLC); Black Hawk Village, LP; Blue Springs Village, LP; Brandon Heights Village, LP; Brandon Heights Village II, LP; Gilcrease Hills Estates, LP; Lakewood Village, LP (f/k/a Evergreen Heights, LP); Mercury Henderson Cottages, LP; Orleans Terrace, LP; Pine Crest Village, LP; South Creek Village, LP; South Glen Village, LP; and Woodglen Village, LP, | |
| Defendants, | |
| and | |

SunAmerica Housing Fund 1307; SunAmerica Housing Fund 1306; SunAmerica Housing Fund 1346; and SunAmerica Housing Fund 1270,

              Intervenors.

---

Daniel N. Rosen, Esq., and Douglas G. Wardlow, Esq., Parker Rosen, LLC, counsel for Plaintiff.

Jarod M. Bona, Esq., and Alan L. Kildow, Esq., DLA Piper LLP, counsel for Intervenors.

Richard M. Carlson, Esq., Morris Law Group, PA, counsel for Defendants Gandolf Group, LLC; Black Hawk Village Development, LLC; Blue Springs Village Development, LLC; Brandon Heights Village Development, LLC; Brandon Heights Village II Development, LLC; Lakewood Village Development, LLC; Gilcrease Hills Estates Development, LLC; Green Street Estates Development, LLC; Orleans Terrace Development, LLC; Pine Crest Village Development, LLC; River Falls Ventures, LLC; South Creek Village Development, LLC; South Glen Village Development, LLC; Woodglen Village Development, LLC; Blue Springs Village, LP; Brandon Heights Village, LP; Brandon Heights Village II, LP; Gilcrease Hills Estates, LP; Mercury Henderson Cottages, LP; Orleans Terrace, LP; Pine Crest Village, LP; South Glen Village, LP; and Woodglen Village, LP.

Steven Theesfeld, Esq., Yost & Baill, LLP, counsel for Defendants Black Hawk Village, LP; Lakewood Village, LP; and South Creek Village, LP.

Todd H. Johnson, Esq., Oliver & Johnson, PA, counsel for Defendants PSC of Two Harbors, LLC; and PSC Funding, LLC.

Timothy Oliver, *Pro Se*, Defendant.

Christopher M. Anderson, *Pro Se*, Defendant.

---

## INTRODUCTION

This matter is before the Court on Plaintiff Meecorp Capital Markets, LLC's ("Meecorp") Motion for Attorneys' Fees and Costs (Doc. No. 180). For the reasons set forth below, the Court grants the motion in part and denies it in part.

## BACKGROUND

On March 24, 2011, the Court granted partial summary judgment in favor of Meecorp on its "Breach of the Note" claim against Defendant PSC of Two Harbors, LLC (Count I) and on its "Breach of the Joint Guaranty" claim against Defendants Timothy J. Oliver and Christopher M. Anderson (Count II). (Doc. No. 108.) The Court acknowledged that the Note and the Joint Guaranty each authorize reimbursement to Meecorp for its reasonable attorney fees and costs incurred in collecting on the underlying debt and thus awarded attorney fees in the amount of $35,199.87 and costs in the amount of $1,441 with respect to Counts I and II of the Amended Complaint. (Doc. No. 120.) The fees awarded by the Court amounted to twenty percent (20%) of the fees requested by Meecorp at that time. (*Id.* at 8.) The Court noted in its order on the motion for fees that, in its submissions, Meecorp failed to differentiate between the claims on which it had prevailed and the claims that remained for trial. (*Id.* at 7.)

Meecorp's remaining claims and Defendants' counterclaims proceeded to trial without a jury on September 12, 13, and 14, 2011. (*See* Doc. No. 178.) Meecorp was partially successful at trial. The Court awarded judgment on Meecorp's "Breach of the Gandolf Guaranty" claim (Count III). (*Id.* at 28.) Like the Note and the Joint Guaranty, the Gandolf Guaranty also authorizes reimbursement to Meecorp for its reasonable

3

attorney fees and costs incurred in collecting on the debt owed under the Note. (*See* Pl.'s Ex. 7.) The Court only awarded partial judgment, however, on Meecorp's fraud claim (Count IV) and Meecorp's claim for "Claim, Delivery and Foreclosure of Security Interests" (Count V). (*Id.* at 28-29.) The Court dismissed the fraud claim as asserted against all General Partner and Limited Partner Defendants and determined that Meecorp was not entitled to claim, delivery and foreclosure of any interests pledged by Gandolf Group, LLC. (*Id.* at 28-29.) The Court also dismissed the "Appointment of Receiver" claim (Count VI) as well as Defendants' counterclaims. (*Id.* at 30.) Meecorp was awarded judgment in the total amount of $2,366,191.88, an amount which represents principal, fees, and interest owing under the Note as determined by the Court at summary judgment. (*Id.*; Doc. No. 108 at 18.)

Now, Meecorp seeks additional attorney fees in the amount of $227,874.63 and additional costs in the amount of $17,704.89. (Doc. Nos. 180-81.) Defendants Gandolf Group, LLC, Timothy J. Oliver, PSC Funding, LLC, and PSC of Two Harbors, LLC oppose the motion. (Doc. Nos. 183-85.)

## DISCUSSION

Meecorp submitted 127 pages of invoices in connection with the present motion, the first 102 pages of which pertain to the August 9, 2009 through March 24, 2011 billing periods previously submitted to the Court in conjunction with Meecorp's initial motion for attorney fees and costs. (*Compare* Doc. No. 112, Ex. A *with* Doc. No. 182.) In its submissions, Meecorp does not detail the hours counsel expended on each claim, however, Meecorp estimates that "no more than 10% of its full fees would have been

4

saved if Meecorp had not pursued the claims against the general-partner and limited-partnership defendants"; Meecorp has thus reduced the attorney fees it has incurred to date (totaling $292,305) by ten percent and subtracted the $35,199.87 amount previously awarded by the Court in seeking an additional fee award of $227,874.63. (Doc. No. 181 at 4-6.)

The objecting Defendants respond that the vast majority of the requested fees and costs are associated with Meecorp's litigation of its unsuccessful claims against the General Partner and Limited Partner Defendants and the largely unsuccessful claim to enforce the pledge agreements. (*See* Doc. Nos. 183-85.) Defendant Oliver further asserts that reasonable attorney fees should not exceed an additional $30,000, while the other objecting Defendants maintain that reasonable fees should not exceed the amount already ordered by the Court. (*Id.*) After reviewing the parties' submissions, the Court has determined that fees and costs in the amount requested by Meecorp are not reasonable.

In calculating reasonable attorney fees, the Court begins by calculating the "lodestar"—the product of the number of hours reasonably expended on the litigation and the reasonable hourly rate at which those hours should be billed. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The reasonableness of a fee depends upon a number of factors, including "the plaintiff's overall success; the necessity and usefulness of the plaintiff's activity in the particular matter for which fees are requested; and the efficiency with which the plaintiff's attorneys conducted that activity." *Jenkins v. Missouri*, 127 F.3d 709, 718 (8th Cir. 1997).

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley,* 461 U.S. at 437.  Where only partial or limited success has been obtained, "the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Id.* at 436.  Under such circumstances, "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.* at 436-37.

Here, Meecorp obtained limited success at trial, yet seeks an award of its attorney fees and costs for the entire litigation through December 2011—reduced by only ten percent.  The objecting Defendants specifically challenge Meecorp's failure to differentiate between the claims on which Meecorp prevailed and the claims that were dismissed by the Court.

The Court concludes that Meecorp's request for an additional $227,874.63 in attorney fees is excessive.  Meecorp is not entitled to its attorney fees and costs incurred for claims on which it has not prevailed.  The Court has reviewed Meecorp's 127-page billing record submission; once again, Meecorp has failed to differentiate between hours expended on the few claims (against the few Defendants) on which Meecorp has prevailed and the claims on which it was not successful at trial.  Consequently, as before, the Court reduces the attorney fees requested by eighty percent (80%).  Thus, Meecorp is entitled to an additional $45,574.93 in attorney fees.

Meecorp has also failed to allocate its requested costs among each of the various claims.  The Court has already awarded $1,441 for the costs identified in Meecorp's

December 30, 2010 billing statement for deposition transcripts of Defendant Oliver and Defendant Anderson.   Meecorp now seeks additional costs in the amount of $17,704.89. The Court reduces the request and awards additional costs in the amount of $1,665.40 for trial transcripts as set forth in Meecorp's December 20, 2011 billing statement.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorneys' Fees and Costs (Doc. No. [180]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. In addition to the $35,199.87 in attorney fees previously awarded by the Court with respect to Counts I and II of the Amended Complaint, Meecorp shall recover attorney fees in the amount of $45,574.93 for a total fee award of $80,774.80.

2. In addition to the $1,441 in costs previously awarded by the Court with respect to Counts I and II of the Amended Complaint, Meecorp shall recover costs in the amount of $1,665.40 for a total cost award of $3,106.40.


Dated:  January 11, 2012            s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge